UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| AARON MORROW, | |
| Plaintiff, | 03:06-CV-0362-LRH (RAM) |
| vs. | ORDER |
| CITY OF RENO FIRE DEPARTMENT, | |
| Defendant. | |

Presently before this court is Defendant's, City of Reno Fire Department, motion to dismiss (#4[1]) brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Aaron Morrow, has filed an opposition (#5), to which Defendant has replied (#6).

**FACTS AND PROCEDURAL HISTORY**

This matter arises out of Plaintiff's termination from Defendant's employ. Plaintiff is a Native American who was selected for hiring as a firefighter off the Native American List of Recruits.

Plaintiff alleges that, while a recruit, he was subjected to a hostile workplace based on his ethnicity. Plaintiff claims he was wrongly accused of urinating outside of the Academy and drinking alcohol in his uniform. As a result of this accusation Plaintiff claims he was forced to attend a meeting at the Training Center where he received blatantly hostile looks from other firefighters before being placed on administrative leave. Plaintiff was ultimately reinstated and completed his training.

---

[1] References to (#XX) refer to the court's docket.

1   After completing his training Plaintiff alleges he received evaluations indicating he was
2   performing solidly during his first probationary assignment. However, during his second
3   probationary assignment Plaintiff alleges he received a baseless and inappropriate evaluation.
4   When Plaintiff went to complain about this evaluation he realized that the Fire Chief had been
5   overseeing his probationary assignments in violation of department protocol. Further, Plaintiff
6   was told he was failing despite his best efforts.
7   Plaintiff was terminated on July 29, 2005. He subsequently filed a lawsuit against
8   Defendant. Defendant has now moved to dismiss that suit.

## LEGAL STANDARD FOR MOTION TO DISMISS

10   In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the
11   court asks only whether the pleadings are sufficient to establish a claim, not whether the plaintiff
12   could find evidence to support the pleadings. *See e.g., Lee v. City of Los Angeles*, 250 F.3d 668,
13   688 (9th Cir. 2001) (noting that "factual challenges to a plaintiff's complaint have no bearing on
14   the legal sufficiency of the allegations"). Therefore, for the purpose of the motion, the court
15   accepts as true all material allegations in the complaint and construes those allegations in the
16   light most favorable to the non-moving party. *W. Shoshone Nat. Council v. United States*, 415
17   F.Supp.2d 1201, 1204 (D.Nev., 2006). Dismissal is warranted only if it appears to a certainty
18   that the plaintiff would not be entitled to relief under any set of facts that could be proven. *NL*
19   *Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) (citing *North Star Int'l v. Arizona Corp.*
20   *Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983)).

## DISCUSSION

22   Defendant first argues that all claims should be dismissed because there is no statutory
23   authorization for a suit to be brought against a department of the City of Reno. *See* Fed. R. Civ.
24   P. 17(b) (providing that the capacity of an entity to be sued shall be determined by the law of the
25   state in which the district court is held); *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996)
26   (noting that in the absence of statutory authorization, a department of a municipal government
27   may not be sued). Plaintiff concurs with Defendant's characterization, but seeks leave to amend
28   pursuant to Federal Rule of Civil Procedure 15 in order to name the proper defendants to this

1    suit. Pl.'s Opp'n to Def.'s Mot. to Dismiss (#5) at 4.

2           Defendant then argues that Plaintiff has failed to sufficiently allege a hostile work
3    environment under Title VII. A hostile workplace claim requires proof that: (1) the employee
4    was subjected to verbal or physical conduct of a racial or sexual nature; (2) the conduct was
5    unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the
6    employee's employment and create an abusive work environment. *Vasquez v. County of Los*
7    *Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). To determine whether conduct is sufficiently severe
8    or pervasive to create an abusive work environment, courts look at the totality of the
9    circumstances, "including the frequency of the discriminatory conduct; its severity; whether it is
10   physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably
11   interferes with an employee's work performance." *Id.* (citing *Clark County Sch. Dist. v.*
12   *Breeden*, 532 U.S. 268, 270-71 (2001). The abusive environment must be recognizable both
13   subjectively and objectively. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000).

14          As noted above, at this stage in the proceedings, dismissal is warranted only if it appears
15   to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be
16   proven. The court has reviewed the allegations contained in the complaint and concludes that
17   dismissal is not warranted at this stage. The court notes that Plaintiff has presented allegations of
18   a pattern of false allegations and harassment, as well as departmental regulation violations, which
19   occurred because of his status as a Native American. These allegations could produce facts
20   which would show a subjectively and objectively abusive work environment if allowed to
21   proceed. As such, Plaintiff has provided sufficient factual allegations to survive a motion to
22   dismiss.

23          Under Federal Rule of Civil Procedure 15(a) a party may amend their pleadings by leave
24   of court. Leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Here,
25   Plaintiff has presented sufficient allegations to support a hostile work environment claim under
26   Title VII but has not named a proper defendant. The court will therefore grant Plaintiff leave to
27   amend his complaint to name a proper defendant.
28   ///

1     It is therefore ORDERED that Defendant's motion to dismiss (#4) is GRANTED in part
2 and DENIED in part;
3     As Defendant is not subject to suit under Nevada law, all claims against Defendant are
4 dismissed without prejudice. However, Plaintiff shall be granted leave to amend his complaint to
5 name a proper defendant. Plaintiff shall have 20 days from the entry of this order to properly
6 amend.
7     DATED this 8th day of December, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE